IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### NOVEMBER TERM, 1916.

---

## ALEXANDER BOUNDS v. TOWNSHIP OF CHESTER IN THE COUNTY OF BURLINGTON.

*Submitted July 6, 1916—Decided November 11, 1916.*

Where the proceedings to make a tax a lien on lands are defective, a writ of *certiorari* to review a sale of the land to enforce the lien will be allowed although the eighteen months' period for reviewing the sale have expired, as the only sales to which this limitation applies are sales to enforce a statutory lien, that is, one valid in law.

---

On *certiorari* of tax sale.

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *George B. Evans.*

For the township, *John D. McMullin.*

For Juli F. Hock, *John Francis Cahill.*

The opinion of the court was delivered by

SWAYZE, J. The prosecutor seeks to set aside a certificate of sale for taxes. The taxes were for the year 1908; the sale was in September, 1909; the certificate is dated and acknowledged September 25th, 1909, and was recorded November 13th, 1909. The prosecutor's writ was allowed January 14th, 1916, and he is met by the objection that it was too late. The act of 1915 enacts that no writ of *certiorari* shall be allowed to review any sale of land to enforce any tax unless allowed within eighteen months from the date of sale. The statute by its very terms applies only to sales of land to enforce a tax. The only sales of land to enforce a tax authorized by our legislation are in cases where the tax has been by proper proceedings made a lien on land. The only sales therefore to which the limitation on review by *certiorari* applies are sales to enforce a statutory lien. A sale to enforce a tax where there is no statutory lien would be without authority of law, and an attempt to take the taxpayer's property without due process of law, and such a sale could not be made effective by limiting the time within which a *certiorari* could issue. The case would then come within the rule of *Traphagen* v. *West Hoboken,* 39 *N. J. L.* 232; 40 *Id.* 193, and the cases that have followed it. The *certiorari* was properly allowed.

The objection made to the proceedings is that there was no return to the township clerk as required by section 54 of the Tax act. The importance of proceeding strictly in accordance with the act is shown by our decisions in *Jones* v. *Landis Township,* 50 *N. J. L.* 374, and *Landis* v. *Vineland,* 61 *Id.* 424, where sales were held invalid. The present Tax act differs from the one there under consideration, but the principles enunciated and the reasons given therefor are equally applicable to the present Tax act except so far as section 60 has introduced a modification. That section enacts that no sale shall be set aside because of the failure of the clerk to record the proceedings relative to the sale, if it shall appear by other legal evidence that the land sold was in fact

that assessed, and that the sale was made pursuant to law. These facts are not shown in the pending case. The certificate of sale is invalid and must be set aside. Must it be upon terms? Section 60 provides that where the assessment itself is valid and the tax is justly due, no sale shall be set aside except on condition that the amount due shall be paid to the holder of the tax lien. By virtue of section 49, the tax lien passes with the title to the purchaser. The use of the words "pass with the title" is obviously inaccurate, since the title does not pass where the proceedings are defective, and the very next sentence in section 49 shows that the object of the provision for the passing of the tax lien was to secure the purchaser when the sale was set aside. It reads as follows: "Where such sale shall be set aside for defect in the proceedings to sell, the lien shall be thereby continued for one year after final action in the proceedings by which the sale was annulled." If therefore a tax lien had been filed in accordance with section 50, we would impose terms upon the prosecutor. In the absence of such a lien, the taxing district is required by section 60 to refund to the purchaser the price paid, since the sale is set aside because of defective proceedings on the part of the officers, and the purchaser must assign to the tax district the certificate of sale and all his interest in the tax and tax lien. In the situation of the case as presented to us, we can impose no terms, and must leave the township to its right, if it has any, to readvertise and sell if there is a tax lien and it remains in force.